1 | Joseph P. Smith, (CA Bar No. 111003)
LAW OFFICES OF JOSEPH P. SMITH
2 | 1605 East Fourth Street, Suite 250
Santa Ana, CA 92701
3 | Telephone: (714) 542-9455
Facsimile: (714) 542-9755
4 | www.JosephPSmithLaw.com

5

6 | Attorneys for Defendant
James Ray Wallis III
7

8

9 | UNITED STATES DISTRICT COURT

10 | FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

| UNITED STATES OF CALIFORNIA, | ) ED CR No. 17-00040-JGB |
12 | | ) |
| | ) DEFENDANT'S POSITION WITH |
13 | Plaintiff, | ) RESPECT TO SENTENCING |
| | ) |
14 | vs. | ) Sentencing Date: June 25, 2018 |
| | ) at 2:00 p.m. |
15 | | ) |
| | ) Courtroom of Honorable Jesus G. |
16 | JAMES RAY WALLIS III, | ) Bernal |
| | ) |
17 | Defendant. | ) |
| | ) |
18

19 |   Defendant James Ray Wallis III, by and through his counsel of

20 | record Joseph P. Smith, herby files his sentencing position in

21 | the above referenced case.

22
|   The Defendant's position regarding sentencing is based upon
23
| the attached memorandum of points and authorities, the files and
24
25 | records in this case, the Pre-sentence Investigation Report, and

26 | Sentencing Recommendation Letter prepared by the United States

27 | Probation Office.

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On March 12, 2018, James Ray Wallis, III ("Defendant") pled guilty to Counts Three and Four of a five-count indictment that also names Hector Gallegos ("Gallegos"). Count Three charges a violation of 21 U.S.C § 858: Endangering Human Lives While Illegally Manufacturing Controlled Substances. Count Four charges a violation of 18 U.S.C.§ 922(g), Possession of a Firearm by a Person Convicted of a Misdemeanor Crime of Domestic Violence. Defendant is also named in Counts One, Two, and Five.

A Presentence Investigation Report ("PSR") produced by the United States Probation Office ("USPO") has concluded Defendant's total offense level is 27, his criminal history category is I, and the applicable sentencing range for this offense is 57 to 71 months' imprisonment. In its Sentencing Recommendation Letter Filed May 17, 2018 ("Sentencing Letter"), the USPO recommends that the Defendant be sentenced to a term of imprisonment of 42 months, followed by 3 years' supervised release. The Defendant concurs in the USPO's calculations but requests he be sentenced to 24 months custody.

## II. THE OFFENSE CONDUCT

On February 16, 2017, Defendant and Gallegos were manufacturing hashish oil containing tetrahydrocannabinol, a Schedule I controlled substance, at Wallis's residence in Cherry Valley, California, in Riverside County within the Central District of California (the "residence"). During the course of the Defendant's and Gallegos's manufacturing of the hashish oil, the equipment being used to manufacture the hashish oil caused an explosion, resulting in the ignition of a fire in the residence.

At the time of the explosion, Defendant and his son were playing video games in the son's room. Immediately after the explosion, Defendant grabbed his son and exited the house and carried him far away. Gallegos also exited.

Defendant wanted to ensure none of his dogs were still in the house and entrusted his son to his friend, codefendant Gallegos to take up the hill to his girlfriend's house. After making sure all his dogs were accounted for, Defendant caught up to his son and codefendant Gallegos at the girlfriend's house. His girlfriend took care and custody of his son. The codefendant was taken by his own girlfriend to the hospital. Defendant should have gone but did not. Both sustained significant injuries.

Defendant contacted his employers, who had previously assured him that all necessary and proper paperwork permitting his scope of employment was "on file" and that their "team of lawyers" would be available, if there were any problems.

1    Upon contacting his employers, defendant was told to come to
2  a residence, where he could rest up until they could get him a
3  lawyer. He did so, but upon arrival he was advised that he had
4  incurred a financial obligation for lost product, equipment, and
5  precursors. And … that as his case was now "Federal", they would
6
7  need him to work it off (i.e. "get back to work"). When the
8  defendant's location was informed upon, he arrived, ultimately,
9  before this court.

10    The defendant respectfully submits that the government
11  suffers from a misapprehension of the facts (see Governments
12  Position with Respect to Sentencing Memorandum page 6, e.g.
13  "Further defendant left his child at the scene of the fire...")
14
15  and ("At the time of his arrest, he had set up another hashish oil
16  extraction...") This is not factually or contextually correct.

17    Given this clarification (which the defendant is fully
18  prepared to allocute upon), the government's two most damning
19  conduct descriptors fall to what actually occurred; defendant's
20  conduct was consistent with all his other conduct descriptors from
21  friends, neighbors, and family. As the government itself
22
23  admits(Government's Position Memorandum p.6); "These aggravating
24  circumstances aside, defendant clearly has some positive history
25  and characteristics..."

26    A sentence of 24 months will put the defendant jut past the
27  halfway mark of incarceration (which for him, has meant not being
28
   a proper father to his children in all its multiple and varied
   responsibilities). He fully recognizes the seriousness of his

prior conduct. He accepts his responsibility, and vows to the Court to be a successful probationer and a lifetime no-return customer. He respectfully requests a 24 month or less term of incarceration.

Dated: June 20, 2018                          Respectfully submitted,

                                              JOSEPH P. SMITH
                                              Attorney for Defendant